IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RONALD L. ELLIOTT )
and SUZANNE K. ELLIOTT, )
)
      Plaintiffs, ) TC-MD 111170N
)
    v. )
)
CLACKAMAS COUNTY ASSESSOR, )
)
      Defendant. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on December 8, 2011, requesting that Plaintiffs' Complaint be dismissed because "there was no timely appeal made to the Board of Property Tax Appeals (BOPTA) for the 2010/11 tax year. The complaint does not provide any information that would satisfy the conditions required for correction under ORS 305.288." (Def's Ans at 1.) A case management conference was held on January 31, 2012, during which the parties discussed Defendant's motion. Plaintiff Ronald L. Elliott (Elliott) appeared on behalf of Plaintiffs and agreed that Plaintiffs would file a written response to Defendant's motion by March 1, 2012.

Plaintiffs appeal the real market value of property identified as Account 05001301 (subject property) for the 2010-11 tax year. During conference on January 31, 2012, Elliott stated that an outbuilding was added during 2009 and finished in 2010. Elliott stated that Plaintiffs disagree with the increase in assessed value as a result of the addition of the outbuilding, noting that the value added was 110 percent of the cost whereas the typical value added for outbuildings is only about 50 percent of the cost. Plaintiffs request a reduction in the 2010-11 real market value to $460,000 based on a recent appraisal. (*See* Ptfs' Compl at 1.) The 2010-11 roll real market value of the subject property was $513,220.

Defendant requests that Plaintiffs' appeal be dismissed because Plaintiffs did not timely appeal to BOPTA and Plaintiffs have not established that their appeal is allowed under ORS 305.288. Elliott stated at the January 31, 2012, conference that Plaintiffs spoke with someone at Defendant's office prior to appealing and were told that an appeal to this court was their only recourse; Elliott stated that Plaintiffs were not told to review the court's handbook. As of the date of this Decision, the court has received no further communication from Plaintiffs.

The Oregon legislature has enacted laws that guide taxpayers challenging the real market value assigned to their properties. The first step in the appeal process is to file a petition with the county BOPTA. ORS 309.100.[1] After a BOPTA order is issued, a taxpayer has 30 days to appeal to this court under ORS 305.280(4). In limited circumstances, this court will consider an appeal of real market value even if the taxpayer failed to file an appeal with BOPTA or failed to timely appeal a BOPTA order to this court. ORS 305.288 provides, in pertinent part:

> "(1) The tax court shall order a change * * * applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any of those tax years, if all of the following conditions exist:

>> "(a) For the tax year to which the change * * * is applicable, the property was or is used primarily as a dwelling * * *.

>> "(b) *The change or correction requested is a change in value* for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is *equal to or greater than 20 percent*.

> "* * * * *

> "(3) The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

has no statutory right of appeal remaining and the tax court determines that *good and sufficient cause exists* for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

(Emphasis added.) Plaintiffs did not timely appeal the 2010-11 real market value of the subject property to BOPTA. Plaintiffs' requested real market value, $460,000, does not allege an error of at least 20 percent in the 2010-11 tax roll. Additionally, Plaintiffs have not provided "good and sufficient cause" for their failure to timely appeal. Thus, Plaintiffs' appeal does not meet the requirements of ORS 305.288 and the court is without authority to consider Plaintiffs' appeal. Under such circumstances, the court finds that Defendant's motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of March 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 15, 2012. The Court filed and entered this document on March 15, 2012.*